## WILSON vs DURANT.

Opinion delivered October 30, 1897.

*1.  Verdict—Form—Surplusage.*

    A single and simple issue of fact, not an issue of law, was mitted to the jury. The jury returned a verdict finding issues at law" in favor of the defendant. No objection made to the form of the verdict until the filing of the mo for a new trial. *Held*, That the trial court did not erro treating the words "at law" as surplusage, and in enteri judgment according to the verdict, viewed in that light.

*2.  Record—Instructions Must be Set Out to be Considered.*

    The appellate court will not entertain exceptions to instruc unless set forth in haec verba in the record.

Appeal from the United States Court for the Cer District.

YANCEY LEWIS, Judge.

Suit upon a promissory note by Turner Wilson others, against W. A. Durant and others. Judgmen defendant. Plaintiff appeals. Affirmed.

On the 20th day of February, 1896, the appel (plaintiffs below) commenced an action against the app (defendants below,) in the United States Court at Atok recover the sum of $405, with interest, on a note execut the appellees, with one E. V. Malcom, to R. P. Bowles by said Bowles indorsed in blank, before maturity, appellants, as collateral security for an open account, past due, from Bowles and Colbert to the appellants. appellees admitted the execution of the note and the in

nt by Bowles, and, as a defense, alleged that the note was ivered to J. G. Ralls as agent and attorney for Bowles, was never delivered to the appellants. On the trial of case, the appellants produced the dote, and introduced it evidence. The appellees then offered testimony in support of their answer. The jury returned the following verdict: "We, the jury, find the issues at law in favor of the endants in the above-stated cause. W. C. King, Foreman." The plaintiffs filed a motion in arrest of judgment, also for a new trial, both of which the court overruled, plaintiffs excepting and praying an appeal, which was wed. The plaintiffs' motion in arrest of judgment was ed on but one ground, and that was the insufficiency of verdict of the jury. The motion for a new trial containut three grounds, of which but one is urged here.

*Ralls Bros.*, for appellants.

1. The plaintiffs having alleged in their complaint the sfer and indorsement of the note, and having produced note with such indorsement on it, and offered and introd it in evidence had made a prima facia case and the en of proof was upon the defendants to show that the tiffs were not the owners of the note; and further to that the note had been indorsed and transfered to J. G. s as agent for Bowles. Daniel on Neg. Inst. § 812; ns vs Gilbert, 4 Otto 753; Hershy vs Latham, 46 Ark. 55.

2. The verdict of the jury was a verdict on the law and wholly insufficient in law to base a judgment upon. jury must dispose of the parties in the case and the s submitted them or the verdict is insufficient. 2 tt's Gen. Prac. § 942. It matters not as to the number ues submitted to the jury. If but one was submitted, verdict, in order to be good, must have disposed of that

one issue. Higdon vs Will, 22 A. D. 84; Patterson vs U.
2 Wheat. 221.

*G. A. Pate* and *R. L. Williams,* for appellees.

1. There is nothing in the record to show that the cou
instructed the jury as to the burden of proof as set out
appellants brief. The fact that in the motion for a new tr
this is one of the grounds set out, is not evidence that su
instruction was ever given. Carroll vs Bowler, 40 Ark. 1
Cheatham vs Roberts, 23 Ark. 651; Werner vs State, 44 A.
123; Cheaney vs State, 36 Ark. 74; Cogswell vs McKeog
46 Ark. 524; Fry vs Ford, 38 Ark. 246; McKenzie vs Sta
26 Ark. 335; Imperial Life Insurance Co. vs Newcomb,
U. S. Appeals 669.

2. The pleadings in this case submitted only issues
fact and it is competent for a court to look at the pleadin
in order to get the true meaning of the verdict of the ju
28 A. & E. Enc. of Law, 295; Harvey vs Head, 68 Georg
247. The court not only has the power, but it is its duty
amend or modify a verdict so as to put it in proper legal f
or make it express the actual intent of the jury. 28 A. &
Enc. of Law, 370-373; Id. 286, 287. Verdicts are not to
taken strictly like pleadings, but the court will collect
meaning of the jury if they give such a verdict that the c
can understand them. Pickett vs Ritchie, 2 Bibb. (Ky)
Boone vs Planters Bank, 3 Humphrey, (Tenn.) 84; 28 A.
E. Enc. of Law, 288, 289; Stearns vs Barrett, 1 Mason,
S.) 153; Miller vs Shackelford, 4 Dana, (Ky.) 271; Ash
vs Touey, 131 Mass. 26; 28 A. & E. Enc. of Law, 360-
United States vs Stereoscopic Slides, 1 Sprague, (U. S.)
Glidden vs Street, 68 Ala. 600; 1 Chitty Pl. 705; Leg
Dunlevy, 10 Mo. App. 461. Appellant in order to be h
should have objected to the form of the verdict when it

urned, and before the jury was discharged. Davis vs ople, 50 Ill. 199; Algier vs Maria, 14 Cal. 170; Alhambra ater Co., vs Richardson, 72 Cal. 598. If conclusions of v are stated in the verdict, the court will disregard such nclusions and it is not error to refuse to strike them out. uisville Railroad Co. vs Frawley, 110 Ind. 18; Pittsburg ilroad Co. vs Adams, 105 Ind. 151; Indiana Railroad Co. Finnell, 116 Ind. 414; U. S. vs Collier, 3 Blackf. (U. S.) ; Richmond vs Talmadge, 16 John. (N. Y.) 307; Conner Citizens Railroad Co., 55 A. R. 177. Words added to the dict may be rejected as surplusage. State vs Obrien, 22 Ann. 27; Armstrong vs People, 37 Ill. 459; Wells vs Gar- d, 2 Va. Cas. 479; People vs Ah Kim, 34 Cal. 189; Gover Turner, 28 Maryland, 600. The court may enter the ver- in such form as to give legal effect to what the jury un- takably finds. Koon vs Phenix Life Insurance Co., 104 S. 106.

SPRINGER, C. J. (after stating the facts.) The ap- ants' motion in arrest of judgment was based upon the that the verdict of the jury, which is set forth in the going statement, found "the issues at law" in favor of defendants. No exception was taken when the verdict rendered, which was on March 14th, as to its form; and court's attention was not called to it until the motion in st of judgment was heard, March 18th. The trial judge ched to the bill of exceptions in this case an explanation he effect that the court "submitted to the jury a single simple issue of fact, not an issue of law; and it treated words 'at law,' in the verdict, as surplusage, involving a ake in wording, apparent on the face of the proceedings, if error, not any error that could have in any wise pre- ced the plaintiffs." The counsel for appellants in this insist that their clients are not in the attitude of persons sit silently by and permit the court to commit error,

but, on the contrary, they contend that, by proper moti
and in apt time, they did all in their power to prevent t
alleged error, and that the judgment should therefore
reversed. The record fails to disclose any objection to th
form of verdict until four days after it had been rendere
If, at the time the verdict was rendered, counsel had call
the attention of the court to the words "issues at law," t
proper correction would doubtless have been promptly ma
by striking out the words "at law," and asking the ju
whether the verdict as thus amended was their verdi
This not having been done, the trial court, having, as t
judge certifies in the bill of exceptions, submitted to the ju
a single and simple issue of fact, not an issue of law, mig
without prejudice to the plaintiffs, treat the words "at la
as surplusage, and enter a judgment according to the verd
viewed in this light. No error prejudicial to appellants
committed by the trial court in pursuing this course.

**Verdict Surplusage.**

The motion for a new trial alleged but three groun
only one of which is insisted upon in this court, viz. t
"the court erred in instructing the jury that the burden
proof was upon the plaintiffs on all the issues in the cas
We have carefully examined the record in this case, an
fails to show that any instructions whatever were given
the jury in the case. The first intimation as to the instr
tions is found in the motion for a new trial, and in the mot
there is nothing in the shape of instructions, except
words just quoted above. The rule is that he who affi
any fact must prove it. "Affirmantis est probatio." Th
is nothing in the record which shows that the trial court
regarded this rule. It is too late to raise such an object
as this, for the first time, in the motion for a new trial.
cannot assume, on the mere statement of counsel, in
absence of any record to support it, that the trial court
structed the jury, in effect, that the burden of proof wa

e plaintiffs to establish new matter alleged by the defend-
its in their answer; yet this is implied by appellants' mo-
on; otherwise, no error was committed. If counsel desire
is court to pass upon instructions, the record must set
rth in hæc verba the instructions given and refused. If
is is not done, no exceptions will be entertained. There
 no reversible error in the record, and the judgment is
erefore affirmed.

*Record must contain in- struction complained of*

CLAYTON and THOMAS, JJ., concur. TOWNSEND, J.,
t being present, did not participate.